**UNITED STATES OF AMERICA**　　　　　　Case No.: 3:22-cr-213-02-MO

　　　　v.　　　　　　　　　　　　　　U.S. Attorney's Case No.: 2021R00830

**SYDNEY SLEIGHT,**

　　　　Defendant.

## AGREEMENT FOR PRETRIAL DIVERSION

　　　　On June 8, 2022, you were indicted by the grand jury for engaging in a conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(2), and 846. After your indictment and initial appearance you were placed under the supervision of U.S. Pretrial Services.

　　　　You admit that beginning on or about January 2020, and continuing through on or about September 16, 2021, within the District of Oregon and elsewhere, you knowingly and intentionally conspired with others, known and unknown, to distribute and possess with intent to distribute real and counterfeit pills containing various Schedule II, III, and IV controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(2), and 846. You accept responsibility for your behavior by your signature on this Agreement.

　　　　After investigation of the offense, and taking into consideration the nature of the offense, your role in the offense, your background, your interests, and your current success on pretrial supervision and engagement in ongoing treatment, the U.S. Attorney's Office believes the interests of justice will be served by the following procedure.

Therefore:

　　　　On the authority of the Attorney General of the United States, by William M. Narus, Acting United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, prosecution in this District for this offense shall be **deferred for 12 months** from the date this Agreement is signed and entered by the court, provided you abide by the following conditions and requirements of this Agreement set out below.

<u>Violation</u>

　　　　Should you violate any condition of this Agreement the United States Attorney's Office may revoke this pretrial diversion agreement, modify any conditions of the pretrial diversion

agreement, or change the period of supervision, which shall in no case exceed an additional 12 months. The United States Attorney may at any time within the period of your supervision re-initiate prosecution for this offense should you violate any conditions of this Agreement. You have no right to a hearing or appeal from the decision of the United States Attorney.

## Successful Completion

After successfully completing your diversion program and fulfilling all the terms and conditions of this Agreement the charges pending against you in ***United States v. Sydney Sleight, 3:22-cr-213-02-MO*** will be dismissed.

Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense, or for any offense pending against you in the Indictment filed in ***United States v. Sydney Sleight, 3:22-cr-213-02-MO***.

## Conditions of Pretrial Diversion

1. You must continue to successfully abide by the conditions of your current pretrial supervision, which are attached and incorporated by reference.

2. You agree to share the psychological reports authored by Jennifer Johnson, Ph.D. and Amala Shetty, Ph.D., with U.S. Pretrial Services and follow through and successfully complete the treatment recommendations therein.

3. Participate in a mental health evaluation and counseling at the direction of U.S. Pretrial Services. The defendant is also to take all medications as prescribed. The defendant shall participate in medication monitoring if directed by Pretrial Services.

4. You shall successfully complete 60 hours of community service.

5. Report as directed by the U.S. Pretrial Services Office.

6. Do not change place of residence without the prior approval of U.S. Pretrial Services.

7. Do not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use or possession of medical marijuana even with a physician's written certification. The defendant is prohibited from using or possessing any synthetic intoxicating substance, including but not limited to "Spice,", "K-2" and other forms of synthetic marijuana.

8.  The defendant shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

9.  The defendant, after taking into consideration her financial ability to pay, is to pay a percentage of all fees for services obtained while under Pretrial Services Supervision.

10. The parties will ask the Court to schedule a status conference in approximately six (6) months to receive an update on defendant's progress and determine whether any additional conditions of diversion or modifications of the current conditions of diversion may be required.

## Acknowledgment

I understand and agree that the decision as to whether or not I am in violation of the terms of the Agreement is solely that of the United States Attorney, in consultation with the U.S. Pretrial Services Office in Portland, Oregon.

I understand the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.  I hereby request that the United States Attorney for the District of Oregon **defer any prosecution** of me for violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(2), and 846 **for the period of 12 months**, and I agree that any delay from the date of this Agreement to the date of the re-initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial, or to bar the prosecution by reason of the running of the statute of limitations for a period of **12 months**, which is the period of this Agreement.

I understand that, in the event this Agreement is successfully completed and the charge(s) is/are dismissed, I will not seek attorneys' fees, and will not assert that such a dismissal makes me a prevailing party under Title 18, United States Code, Section 3006A.

I also knowingly waive any right which may exist under a "Pretrial Diversion Operations Agreement" in this District to file any motion requesting expungement of my arrest or other criminal record in connection with this pretrial diversion matter.

I agree not to file a claim or to withdraw any claim already filed in any civil, administrative or judicial forfeiture proceeding, which has been initiated, as to any of the property listed in the Bill of Particulars.  I further waive the right to notice of any forfeiture proceeding involving this property, and agree not to assist others in filing a claim in any forfeiture proceeding.

I understand the conditions of my pretrial diversion and agree that I will comply with them.

Mar 31, 2025
Date

*Sydney Sleight (Mar 31, 2025 19:31 PDT)*
SYDNEY SLEIGHT
Name of Divertee/Defendant

4/1/2025
Date

NOAH HORST
Defense Counsel

April 1, 2025
Date

*Scott Kerin*
SCOTT M. KERIN
Assistant United States Attorney

04/01/2025
Date

*Mercedes Kolbe*
MERCEDES KOLBE
Deputy Chief U.S. Pretrial Services Officer

**APPROVED:**

4/1/2025
Date

*Michael W. Mosman*
HONORABLE MICHAEL W. MOSMAN
United States District Judge